AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the
### Southern District of California

**FILED**

FEB 1 6 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>**One Apple iPhone 8 Silver in Color, Model A1784,<br>FCC ID: BCG-E3092A** | )<br>)<br>)<br>)<br>) |

Case No.

## 18MJ0718

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A-2

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B-2

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1)<br>and 26 U.S.C. Section 5861(d) | Felon in Possession of a Firearm and Ammunition; Unlawful Possession of a<br>Firearm |

The application is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

**Scott Brahin, ATF Special Agent**
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **2/16/2018**

_____
*Judge's signature*

City and state:  San Diego, California

**U.S. Magistrate Judge Andrew G. Schopler**
*Printed name and title*

## AFFIDAVIT

I, Scott Brahin, being duly sworn, hereby state as follows:

## INTRODUCTION

1.     This affidavit supports an application for a warrant to search the following electronic devices:

a.     One LG Stylo G Cellular Phone, Model LGMS631, FCC ID ZNFH321, seized from DELATORRE (**Target Device 1**);

b.     One Apple iPhone 8 Silver in Color, Model A1784, FCC ID: BCG-E3092A, seized from REYNOSO (**Target Device 2**);

(collectively "**Target Devices**") as described respectively in Attachments A-1 and A-2, and seized as evidence of crimes, specifically, violations of Title 18, United States Code, Section 922(g)(1) and Title 26, United States Code, Section 5861(d). This search supports an investigation and prosecution of Jose DELATORRE and Juan REYNOSO for the aforementioned crimes.   A factual explanation supporting probable cause follows.

2.     **Target Device 1** and **Target Device 2** were seized from DELATORRE and REYNOSO, respectively, by law enforcement personnel incident to their arrests on January 27, 2018.   The **Target Devices** are currently in the possession of the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, for the Southern District of California.  Based on the information below, there is probable cause to believe that a search of the **Target Devices** will produce evidence of the aforementioned crimes, as described in Attachments B-1 and B-2.

3.     The information contained in this affidavit is based upon my experience and training, consultation with other federal, state, and local law enforcement agents. The evidence and information contained herein was developed from interviews and my review of documents and evidence related to this case. Because this affidavit is made

1

1   for the limited purpose of obtaining a search warrant for the **Target Devices**, it does

2   not contain all of the information known by me or other federal agents regarding this

3   investigation, but only contains those facts believed to be necessary to establish

4   probable cause.

## EXPERIENCE AND TRAINING

6   4.   I am a Special Agent with the United States Department of Justice, Bureau

7   of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed

8   since July 2004. Before joining ATF, I was employed as a criminal investigator Special

9   Agent for the United States Secret Service for approximately four and a half years and

10   a commissioned officer in the United States Marine Corps for eight years.

11   5.   I am a graduate of the Federal Law Enforcement Training Center's

12   Criminal Investigator's Training Program, the United States Secret Service Special

13   Agent Basic Training course, and the ATF National Academy's Special Agent Basic

14   Training course. As an ATF Special Agent, I have received training in federal firearms

15   laws and have been the affiant on search and arrest warrants for such violations, to

16   include investigations on persons prohibited from possessing firearms. In this realm, I

17   have authored affidavits for search warrants, complaints, and Title III intercepts which

18   have yielded evidence of federal criminal violations.

19   6.   Based upon my training and experience as a Special Agent, including past

20   formal training and experience as a computer forensic examiner, and all the facts and

21   opinions set forth in this affidavit, I know that cellular/mobile telephones can and often

22   do contain electronic records, phone logs and contacts, voice and text communications,

23   and data such as emails, text messages, chats and chat logs from various third-party

24   applications, photographs, audio files, videos, and location data. This information can

25   be stored within disks, memory cards, deleted data, remnant data, slack space, and

26   temporary or permanent files contained on or in the cellular/mobile telephone.

27   Specifically, I know based upon my training, education, and experience investigating

28   such cases that searches of cellular/mobile telephones yields evidence:

a.    tending to indicate efforts to illegally possess firearms;

b.    tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the illegal possession of firearms;

c.    tending to identify co-conspirators, criminal associates, or others involved in the illegal possession of firearms;

d.    tending to identify travel to or presence at locations involved in the illegal possession of firearms;

e.    tending to identify the user of, or persons with control over or access to, the **Target Devices**; and

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

7.    On January 27, 2018 at approximately 12:11 a.m., San Diego County Sheriff Deputy Gibson was on Pomerado Road in Poway, California when he saw two vehicles driving north:  one white Ford Sedan and one light blue minivan.  The Ford Sedan was driving approximately 60 miles per hour ("mph") and was attempting to pass the minivan, which was driving around 45 mph.  The posted speed limit on this road was 45 mph.  Deputy Gibson used his vehicle mounted radar to confirm the sedan's speed.

8.    Deputy Gibson attempted to initiate a traffic stop by activating his lights and siren.  The Ford Sedan's driver increased its speed and made a sudden turn east on a residential street, causing the minivan to swerve to avoid a possible collision.  The Ford Sedan continued to accelerate to over 70 miles per hour and drove about half a mile before getting to within sight of the end of the road.  The Ford Sedan then yielded.

9.    Deputy Gibbons then approached the sedan and contacted the vehicle's occupants:  Jose Alberto DELATORRE and Juan Angel REYNOSO.  The driver,

3

1   DELATORRE, admitted to driving about 60 mph and speeding away to avoid a ticket.

2   He also claimed to be coming from a friend's house on Community road in Poway.

3       10.   Deputy Gibbons then asked DELATORRE for the keys to his car while he

4   checked his license. Deputy Gibbons also requested additional units to respond. While

5   awaiting additional units, Deputy Gibbons requested that dispatch run record checks.

6   Dispatch confirmed that DELATORRE had a lengthy criminal history, including at

7   least one felony conviction, or a conviction for a crime punishable by more than one

8   year in custody. Record checks also confirmed that DELATORRE owned the vehicle.

9   Soon thereafter, other SDSD Deputies arrived. Deputy Gibbons decided to arrest

10  DELATORRE for felony evading a peace officer. Deputy Gibbons also made contact

11  with the passenger and asked SDSD Deputy Elmone to conduct a record check of

12  REYNOSO, which confirmed that REYNOSO had also previously sustained a felony

13  conviction.

14      11.   Deputy Gibbons asked if there was anything illegal in the vehicle and if he

15  could search the vehicle. DELATORRE first gave a non-verbal answer. Deputy

16  Gibbons asked again. DELATORRE then nodded his head and responded yes. As

17  Deputy Johnson began to search, REYNOSO became agitated and yelled at

18  DELATORRE to not let SDSD search the vehicle. When REYNOSO continued to be

19  agitated, SDSD placed cuffs on him and placed him in a patrol car for officer safety.

20      12.   Deputy Elmone continued the search and found two firearms: one Smith

21  & Wesson .38 caliber pistol (Serial No. J477754) and one New White Powder Wonder

22  short barreled shotgun under the front passenger seat. The pistol was loaded with three

23  .38 caliber bullets. The shotgun was unloaded and had no serial number. In addition,

24  the shotgun's barrel was 11 ¾ inches long, or shorter than 18 inches required by federal

25  law. The overall length of the shotgun was 19 ½ inches long, which is shorter than the

26  26 inches required by federal law. San Diego County Sheriff Deputies seized both

27  firearms and arrested DELATORRE AND REYNOSO. After San Diego County

28  Sheriff's Deputies arrested DELATORRE and REYNOSO, they seized **Target**

4

**Device 1** from DELATORRE and **Target Device 2** from REYNOSO incident to their arrests.

13.     An ATF Special Agent later analyzed both firearms and the ammunition and determined that both firearms were manufactured in another state and/or affected in interstate commerce. Another ATF Special Agent further informed me that DELATORRE and REYNOSO are members of the Diablo street gang. I thereafter obtained criminal complaints and arrest warrants for DELATORRE and REYNOSO for violations of Title 18, United States Code, Section 922(g)(1) and Title 26, United States Code, Section 5861(d).

14.     Based on my participation in this investigation, as well as my prior training and experience, I am aware that individuals who are prohibited from possessing firearms keep photos or videos of them holding and shooting their firearms. Additionally, persons engaged in similar illegal activity will often utilize their mobile telephones and other electronic devices to communicate with their criminal associates. These devices often contain indicia of the identity of the individual and/or his/her associates, as well as their criminal activity, to include but not limited to, call logs, voicemail messages, text messages, electronic messages (e-mail), photographs, videos, address books, contact lists, calendars, notes, and ledgers. I am therefore requesting to search the **Target Devices** for recent evidence that they possessed the aforementioned firearms, specifically for the month prior to their arrest (December 27, 2017 through January 27, 2018).

15.     Furthermore, I know that recent calls made and received, telephone numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text messages, pictures, videos and other digital information are stored in the memory of the **Target Devices**, which may identify other persons involved in the illegal possession of firearms.

16.     Accordingly, based upon my experience and training, consultation with other law enforcement officers experienced in firearms investigations, and all the facts

1  and opinions set forth in this affidavit, I believe that information relevant to the firearms
2  activities of Jose DELATORRE and Juan REYNOSO, such as telephone numbers,
3  made and received calls, contact names, electronic mail (e-mail) addresses, appointment
4  dates, messages, videos, pictures and other digital information are stored in the memory
5  of the **Target Devices**.

## METHODOLOGY

6

7      17.    It is not possible to determine, merely by knowing the cellular telephone's
8  make, model and serial number, the nature and types of services to which the device is
9  subscribed and the nature of the data stored on the device.  Cellular devices today can
10  be simple cellular telephones and text message devices, can include cameras, can serve
11  as personal digital assistants and have functions such as calendars and full address books
12  and can be mini-computers allowing for electronic mail services, web services and
13  rudimentary word processing.  An increasing number of cellular service providers now
14  allow for their subscribers to access their device over the internet and remotely destroy
15  all of the data contained on the device.  For that reason, the device may only be powered
16  in a secure environment or, if possible, started in "flight mode" which disables access
17  to the network.  Unlike typical computers, many cellular telephones do not have hard
18  drives or hard drive equivalents and store information in volatile memory within the
19  device or in memory cards inserted into the device.  Current technology provides some
20  solutions for acquiring some of the data stored in some cellular telephone models using
21  forensic hardware and software.  Even if some of the stored information on the device
22  may be acquired forensically, not all of the data subject to seizure may be so acquired.
23  For devices that are not subject to forensic data acquisition or that have potentially
24  relevant data stored that is not subject to such acquisition, the examiner must inspect
25  the device manually and record the process and the results using digital photography.
26  This process is time and labor intensive and may take weeks or longer.

27      18.    Following the issuance of this warrant, I will collect the subject cellular
28  telephone and subject it to analysis.  All forensic analysis of the data contained within

the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

19.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months.    The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

7

**CONCLUSION**

20.    Based on all of the facts and circumstances described above, there is probable cause to conclude that Jose DELATORRE and Juan REYNOSO used the **Target Devices** to facilitate violations of Title 18, United States Code, Section 922(g)(1) and Title 26, United States Code, Section 5861(d).

21.    Because the **Target Devices** were promptly seized during the investigation of Jose DELATORRE and Juan REYNOSO and have been securely stored, there is probable cause to believe that evidence of illegal activities committed by Jose DELATORRE and Juan REYNOSO continues to exist on the **Target Devices**.

22.    WHEREFORE, I request that the court issue a warrant authorizing law enforcement agents and/or other federal and state law enforcement officers to search the items described in Attachments A-1 and A-2, and the seizure of items listed in Attachments B-1 and B-2, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

SCOTT BRAHIN
Special Agent

Subscribed and sworn to before me this ___16th___ day of February 2018.

The Honorable Andrew G. Schopler
United States Magistrate Judge

8